Oyebtoít, J.
 

 delivered the following opinion of the Court: —
 

 This was a bill to foreclose a mortgage for land lying within this circuit. It appears that the ancestor of the defendant lived in the State of North Carolina, and that during his residence there the mortgage was executed in Virginia.
 

 Neither the plaintiffs, the ancestor nor the heir ever lived in this State; and these several points were pleaded by the defendant in abatement.
 

 The plea having been set down for argument, it was insisted for the defendant that previously to the passage of our statutes it was a clear and fundamental principle of the Court of Chancery that it could only act
 
 in
 
 
 *260
 

 personam
 
 and not
 
 in rem;
 
 and consequently personal service must take place before any further proceeding. In the case before the Court it has been urged that the law has not been altered by any statute on the subject.
 

 On the part of the plaintiffs it has been ingeniously argued that a court of equity will take cognizance of all matters of contract when effectual and adequate justice cannot be attained at law; that the subject of the contract, the land mortgaged, being within this circuit, it was impossible for a court of any other State to afford adequate relief.
 

 The counsel for the defendant has referred to 1 Ves. 444;. 1 Vern. 494; 2 Com. Dig. Tit. Chy. 3; 1 Hen. & Mun. 5; 1 Fonb. 29; 2 Fonb. 285, 286; 2 Bro. Chy. 276; Act of 1787, ch. 22. And on the part of the plaintiffs we have been referred to 2 Bro. Chy. 155, 156; 1 Fonb. 34; 3 Hen. & Mun. 140; 2 Com. Dig. Tit. Chy. 4, E. ib. D. 1, 2; Bro. Chy. 279, with the acts of Assembly respecting absconding defendants.
 

 In discussing the subject it will be necessary to consider the law before the passing the statutes relative to the service of process in chancery ; and secondly, what alterations have been made by the statutes.
 

 Originally, the Court of Chancery acted only
 
 in personam.
 
 It was necessary that process should be executed on the person. This was not only a principle in equity but of common law. It was founded on the dictates of natural justice, that a person should have an opportunity of being heard in his defence, before any decree or judgment should pass against him. In England this principle is altered by statute, so far as relates to absconding defendants; but this statute is not in force here; and if it were, the case before the Court would not be- affected.
 

 Our Act of 1782, ch. 2, has no provision relative to this subject. The Act of 1787, ch. 22, as the caption purports, was intended to make process in equity effectual against absconding and non-resident defendants ; but the proviso
 
 to the
 
 first section expressly provides that “ this Act shall not extend or be construed to extend, to warrant or make good any proceedings against any person residing without the State, unless the ground or cause of action, or the transaction on which the bill may be brought, took place within the limits of the State.” The Act of 1801,' ch. 6, furnishes a remedy respecting contracts made in other States, in particular cases only. It provides that where contracts have been made in other States, and it shall appear to the Court here by the return of a
 
 ji. fa.
 
 on a judgment rendered there, that no property can be had in that State to satisfy the judgment, if the debtor have property here, it shall be accessible. So far are the statutes alterative of the antecedent law, and no further.
 

 It is not asserted or pretended that the defendant or her ancestor ever resided in this State, or were ever here; consequently they could not have absconded so as to come under the Act of 1787, on that ground; nor was the contract made here; and it was absolutely necessary that one or the
 
 *261
 
 other of these facts should have taken place, so as to bring the case within the Act of 1787, in order that personal service of process might have been dispensed with. Though the contract was made in another State, if process had been regularly served here, it would have been entirely a different question ; but that was not done.
 

 The last and only specious ground taken by the plaintiffs’ counsel, remains to be considered. The principle assumed in relation to the jurisdiction of a court of equity, is in general correct; but the Court is far from perceiving that adequate justice could not be afforded by bringing suit in the State where the contract was made, or where the defendant would be. found so that process might be served. It cannot be seen that there is any difference as to the service of process, between a mortgage and other cases of contract. The debt is the principal object of the contract, and the land mortgaged is a collateral security. 2 Fonb. 285, 286 ; 2 Bro. Chy. 278. In case of the death of the mortgagee, the interest passes to his representatives as personal property. If suit were brought in another State, a' court there would probably be competent to foreclose and order the land to be sold; but if this were not the case, a decree could be had here under the Act of 1801, ch. 6, by showing that the mortgagor had no property in the State where the judgment was obtained to make satisfaction; and in this way the land mortgaged could be made liable.
 

 The plea must be allowed.